PD-1277-15

PD-1277-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 9/25/2015 2:48:37 PM
Accepted 9/30/2015 12:09:18 PM
ABEL ACOSTA
CLERK

# IN THE COURT OF CRIMINAL APPEALS
## OF AUSTIN, TEXAS

|  |  |  |
|---|---|---|
| ALCIDES LARRINAGA a.k.a. ALCIDES LARRINGA, **Appellant** | §<br>§<br>§<br>§<br>§<br>§<br>§ | NO._____ |
| **vs.** |  |  |
| THE STATE OF TEXAS, **Appellee** |  |  |

## ON PETITION FOR DISCRETIONARY REVIEW FROM THE DECISION OF THE COURT OF APPEALS FOR
## THE SECOND DISTRICT OF TEXAS, AT FORT WORTH, TEXAS
## IN CAUSE NO. 02-14-00199-CR
## AFFIRMING APPELLANT'S CONVICTION AND SENTENCE
## IN CAUSE NO. 1328386D
## HONORABLE GEORGE GALLAGHER, PRESIDING
## FROM THE 396TH DISTRICT COURT OF
## TARRANT COUNTY, TEXAS

## APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

FILED IN
COURT OF CRIMINAL APPEALS

September 30, 2015

ABEL ACOSTA, CLERK

**Richard A. Henderson**
**State Bar No. 09427100**

**RICHARD A. HENDERSON, P.C.**
**100 Throckmorton Street, Suite 540**
**Fort Worth, Texas 76102**
**817-332-9602 - Telephone**
**817-335-3940 – Facsimile**
_richard@rahenderson.com_

ATTORNEY FOR APPELLANT, ALCIDES LARRINAGA A.K.A. ALCIDES LARRINGA

# SUBJECT INDEX

IDENTITY OF PARTIES AND COUNSEL ............................................................ii,iii

TABLE OF AUTHORITIES.............................................................................. iv,v

STATEMENT REGARDING ORAL ARGUMENT ............................................. 1

STATEMENT OF THE CASE ............................................................................ 1

STATEMENT OF PROCEDURAL HISTORY ..................................................... 1

GROUNDS FOR REVIEW .............................................................................. 1,2

REASONS FOR REVIEW ................................................................................... 2

     GROUND ONE ............................................................................................ 2

     GROUND TWO ......................................................................................... 10

CONCLUSION AND PRAYER........................................................................... 14

CERTIFICATE OF COMPLIANCE ................................................................... 15

CERTIFICATE OF SERVICE............................................................................ 15

APPENDICES ................................................................................................... 16

Appendix "A"
(Opinion of the Court of Appeals Second District of Texas,
Fort Worth, Texas)

Appendix "B"
(Motion for Rehearing)

Appendix "C"
( Order denying appellant's motion for rehearing)

i

# IDENTITY OF PARTIES AND COUNSEL

The following is a complete list of all parties pursuant to Texas Rules of Appellate Procedure 68.4(a):

1. **Alcides Larrinaga aka Alcides Larringa**
   TDCJ #01929143
   Eastham Unit
   2665 Prison Rd #1
   Lovelady, Texas  75851
   **Defendant/Appellant**

2. **Kimberly Knapp**
   5719 Airport Freeway
   Fort Worth, Texas  76117
   **Richard A. Henderson**
   Richard A.Henderson, P.C.
   100 Throckmorton Street, Suite 540
   Fort Worth, Texas  76102
   **Trial Attorneys for Defendant**

3. **THE STATE OF TEXAS**
   **Steven W.Conder**
   **Jacob Mitchell**
   **William Vassar**
   Assistant Criminal District Attorneys
   District Attorney's Office
   401 West Belknap
   Fort Worth, Texas 76196-0201

   **Ms. Debra Windsor, Chief, Post-Conviction**
   Assistant Criminal District Attorney
   Tarrant County, Texas
   401 W. Belknap Street
   Fort Worth, Texas  76196

**Ms. Sharen Wilson,**
Criminal District Attorney
Tarrant County, Texas
401 W. Belknap Street
Fort Worth, Texas 76196
**Plaintiff/Appellee**

4. **Honorable George Gallagher**
Judge, 396th District Court
Tim Curry Criminal Justice Center
401 W. Belknap Street
Fort Worth, Texas 76196
**Trial Judge**

5. **Richard A. Henderson**
Richard A.Henderson, P.C.
Two City Place
100 Throckmorton Street
Suite 540
Fort Worth, Texas 76102
**Attorney for Appellant**

# TABLE OF AUTHORITIES

## CASES:

*Almanza vs. State,* 686 S.W.2d 157 (Tex. Crim. App. 1984) ................................... 10

*Elizondo vs. State,* Number 13-12-00028-CR
(Tex.App.—Corpus Christi 2013 unpublished) ............................................... 9

*Hernandez vs. State,* (726 S.W.2d 53 (Tex.Crim.App. 1986) ................................. 9

*Jackson v. State, 17* S.W.3d 664, 670 (Tex.Crim.App.2000) ................................. 12

*Kelly vs. State,* 824 S.W.2d 568, 573 ................................................................. 12

*Ngo vs. State,* 175 S.W.3d 738 (Tex.Crim. App. 2005) .......................................... 10

*Russeau v. State,* 171 S.W.3d 871, 881
(Tex. Crim. App. 2005) cert denied 548 U.S. 926 2006 ............................. 11,13

*Walters vs. State,* 247 S.W.3d 204 (Tex. Crim. App. 2007) ..................................... 9

*Weatherred v. State,* 15 S.W.3d 540, 542, (Tex.Crim.App.2000) ......................... 12

*Webber vs. State,* 29 S.W.3d 226 (Tex. App.—Houston -14th District 2000) .......... 9

*Willis vs. State,* 790 S.W.2d 307 (Tex.Crim. App. 1990) ......................................... 0

## RULES, CODES:

Tex. Penal Code Sec.9.32(b) .......................................................................... 1,2

Tex. Penal Code Sec. 9.31 ......................................................................... 4,7,10

Tex. Penal Code Sec.9.32 ............................................................................ 4,7

Tex. Penal Code Sec. 2.05(b) ......................................................................... 5

Tex. Penal Code Sec. 9.32(b)(3) ..................................................................... 4

Tex. Rule of Evid.701 .................................................................................. 11

Tex. Rule of Evid.702-704 ........................................................................... 11

Tex. Rule of Evid. 702 ............................................................................. 11,12

## STATEMENT REGARDING ORAL ARGUMENT

Petitioner believes that oral argument would aid the court in deciding the critical issues presented.

## STATEMENT OF THE CASE

Appellant was convicted of murder after a jury trial and was assessed fifty (50) years in the Institutional Division of the Texas Department of Criminal Justice by the trial court after Appellant pleaded true to being a habitual criminal.

## STATEMENT OF PROCEDURAL HISTORY

The Court of Appeals issued its Opinion affirming the conviction on August 6, 2015. A Motion for Rehearing was electronically filed by Appellant on August 21, 2015. The Motion for Rehearing was overruled by the Second Court of Appeals on August 27, 2015. This Petition for Discretionary Review is timely if filed on or before September 28, 2015.

## GROUNDS FOR REVIEW

GROUND ONE: Is being a felon in possession of a firearm the kind of criminal activity such that it is not error to deny Appellant's requested jury charge under Tex. Penal Code Sec.9.32(b) which states that the use of deadly force is presumed if the actor believes the use of deadly force was immediately necessary to prevent robbery or repel the use of deadly force?

1

GROUND TWO: Is it an abuse of discretion by a trial court to admit a police detective's legal opinion that this was not a case of self-defense based upon the detective's interpretation of wounds in autopsy photos?

## REASONS FOR REVIEW

**Reason For Review Ground One:**

Is being a felon in possession of a firearm the kind of criminal activity such that it is not error to deny Appellant's requested jury charge under Tex. Penal Code Sec.9.32(b) which states that the use of deadly force is presumed if the actor believes the use of deadly force was immediately necessary to prevent robbery or repel the use of deadly force?

On May 26, 2013, a group of mostly Cuban immigrants were having a quiet Sunday afternoon in east Fort Worth, Texas at 3809 Radford Street, known as Mamacita's house. Mamacita's name is Annie Sneed. Appellant, Alcides Larrinaga aka Alcides Larringa lived in a travel trailer behind the main house. A man named Joel Gil, known as Cuban Joe, the decedent in this case, was also there with his son, Germain.

Appellant and Cuban Joe had differences in the past and these differences became sadly and violently apparent on this day. Appellant was leaving the house to walk his dog when a confrontation with Cuban Joe began as a verbal argument.

2

Appellant walked the dog and returned a few minutes later. Cuban Joe and Appellant began arguing. A struggle ensued witnessed by Germain, a neighbor, Sheila Johnson, and Maritza Hernandez, a family friend. The witnesses had varying accounts of the struggle and ensuing shooting of Cuban Joe.

Germain testified that his father, Cuban Joe, after a heated verbal exchange in Spanish, grabbed Appellant and a struggle ensued. Appellant then began shooting Cuban Joe several times. Germain testified that the first bullets were in the chest. As Cuban Joe was kneeling in the street, he was shot again in the face and then as Cuban Joe was lying down, he was shot again in the back. Germain also stated that Appellant pointed the gun at him and pulled the trigger but there were no more bullets.

Witness, Maritza Hernandez said she believed Cuban Joe was the aggressor and Appellant had to shoot to protect himself, although she denied seeing the actual shooting.

Appellant took the stand and testified that Cuban Joe threatened to kill him that day if Appellant did not give him his money. Appellant testified that Appellant feared for his life when Cuban Joe attacked him.

3

The trial court included a charge on self-defense to the jury under Tex. Penal Code Sec. 9.31 but denied a requested instruction under Tex. Penal Code Sec.9.32 that there was a presumption that Appellant reasonably believed that deadly force was necessary to prevent his being murdered or robbed by the decedent. The Trial Court refused the instruction of presumption on the basis that Appellant by possessing the gun he used to defend himself made him a felon in possession of a firearm. Tex. Penal Code Sec. 9.32(b)(3) precludes the presumption to anyone who is engaged in criminal activity at the time of the event. (RR5:4-6), (CR100-114).

The Court of Appeals affirmed stating that being a felon in possession of a firearm at the time a person is defending himself precludes the instruction that the use of deadly force is presumed to be reasonable.

Appellant would show this is entirely illogical in that if a felon is under attack and must use deadly force, he is precluded from defending himself and is denied the statutory presumptions of self-defense issues simply because he is a felon and happens to possess a firearm that he reasonably believes is necessary to defend himself.

4

There is a somewhat complicated three step process in order to receive the presumption instruction to a jury. Tex. Penal Code Sec. 2.05(b) states how presumptions are to be applied generally:

(a) Except as provided by Subsection (b), when this code or another penal law establishes a presumption with respect to any fact, it has the following consequences:

(1) if there is sufficient evidence of the facts that give rise to the presumption, the issue of the existence of the presumed fact must be submitted to the jury, unless the court is satisfied that the evidence as a whole clearly precludes a finding beyond a reasonable doubt of the presumed fact; and

(2) if the existence of the presumed fact is submitted to the jury, the court shall charge the jury, in terms of the presumption and the specific element to which it applies, as follows:

(A) that the facts giving rise to the presumption must be proven beyond a reasonable doubt;

(B) that if such facts are proven beyond a reasonable doubt the jury may find that the element of the offense sought to be presumed exists, but it is not bound to so find;

5

(C) that even though the jury may find the existence of such element, the state must prove beyond a reasonable doubt each of the other elements of the offense charged; and

(D) if the jury has a reasonable doubt as to the existence of a fact or facts giving rise to the presumption, the presumption fails and the jury shall not consider the presumption for any purpose.

(b) When this code or another penal law establishes a presumption in favor of the defendant with respect to any fact, it has the following consequences:

(1) if there is sufficient evidence of the facts that give rise to the presumption, the issue of the existence of the presumed fact must be submitted to the jury unless the court is satisfied that the evidence as a whole clearly precludes a finding beyond a reasonable doubt of the presumed fact; and

(2) if the existence of the presumed fact is submitted to the jury, the court shall charge the jury, in terms of the presumption, that:

(A) the presumption applies unless the state proves beyond a reasonable doubt that the facts giving rise to the presumption do not exist;

6

(B) if the state fails to prove beyond a reasonable doubt that the facts giving rise to the presumption do not exist, the jury must find that the presumed fact exists;

(C) even though the jury may find that the presumed fact does not exist, the state must prove beyond a reasonable doubt each of the elements of the offense charged; and

(D) if the jury has a reasonable doubt as to whether the presumed fact exists, the presumption applies and the jury must consider the presumed fact to exist.

Tex. Penal Code Sec. 9.31 gives a statutory definition of when deadly force can be used in self-defense. This is the second step and Tex. Penal Code Sec. 9.32 restates those elements but gives a presumption that the force is justified unless precluded under certain conditions. That is the third step.

Tex. Penal Code Sec. 9.32. DEADLY FORCE IN DEFENSE OF PERSON.

(a) A person is justified in using deadly force against another:

(1) if the actor would be justified in using force against the other under Tex. Penal Code Section 9.31; and

(2) when and to the degree the actor reasonably believes the deadly force is immediately necessary:

(A) to protect the actor against the other's use or attempted use of unlawful deadly force; or

(B) to prevent the other's imminent commission of aggravated kidnapping, murder, sexual assault, aggravated sexual assault, robbery, or aggravated robbery.

(b) The actor's belief under Subsection (a)(2) that the deadly force was immediately necessary as described by that subdivision is presumed to be reasonable if the actor:

(1) knew or had reason to believe that the person against whom the deadly force was used:

(A) unlawfully and with force entered, or was attempting to enter unlawfully and with force, the actor's occupied habitation, vehicle, or place of business or employment;

(B) unlawfully and with force removed, or was attempting to remove unlawfully and with force, the actor from the actor's habitation, vehicle, or place of business or employment; or

(C) was committing or attempting to commit an offense described by Subsection (a)(2)(B);

(2) did not provoke the person against whom the force was used; and

(3) was not otherwise engaged in criminal activity, other than a Class C misdemeanor that is a violation of a law or ordinance regulating traffic at the time the force was used.

(c) A person who has a right to be present at the location where the deadly force is used, who has not provoked the person against whom the deadly force is used, and who is not engaged in criminal activity at the time the deadly force is used is not required to retreat before using deadly force as described by this section.

*Webber vs. State,* 29 S.W.3d 226 (Tex. App.—Houston -14[th] District 2000); *Elizondo vs. State,* Number 13-12-00028-CR (Tex.App.—Corpus Christi 2013 unpublished); *Willis vs. State,* 790 S.W.2d 307 (Tex.Crim. App. 1990); *Hernandez vs. State,* (726 S.W.2d 53 (Tex.Crim.App. 1986); *Walters vs. State,* 247 S.W.3d 204 (Tex. Crim. App. 2007).

If a defendant raises a defensive issue it must be included in the charge *Ngo vs. State,* 175 S.W.3d 738 (Tex.Crim. App. 2005), *Almanza vs. State,* 686 S.W.2d 157 (Tex. Crim. App. 1985).

Here, Appellant was in front of his own house and believed the deceased was going to do serious harm and / or was trying to rob him of his money. Appellant was not otherwise engaged in criminal activity other than being a felon in passion of a firearm. Appellant thus testified that he believed that the force was reasonably necessary. This was certainly enough evidence to obtain the self-defense charge under Tex. Penal Code Sec. 9.31. The fact that he happened to be a felon should not preclude his receiving the presumption instruction in the charge to the jury.

**Reason for Review Ground Two:**

> Is it an abuse of discretion by a trial court to admit a police detective's legal opinion that this was not a case of self-defense based upon the detective's interpretation of wounds in autopsy photos?

One justice in the court of appeals wrote a concurring opinion that the police detective cannot be an expert as to whether this is a case of self-defense based upon the wounds the detective observed in autopsy photos. This justice rather than dissenting, ruled that it was harmless error. The majority of the court ruled that the detective could be an expert on this topic.

Appellant would show that the concurring opinion is correct except that, self-defense was the very core of Appellant's defense and the error was harmful. An opinion by the detective that these wounds showed the detective that this was not a self-defense case is extremely harmful to Appellant.

Tex. Rule of Evid.701 pertains to the admission of lay opinions. Tex. Rule of Evid. 702-704 pertain to scientific, technical or specialized knowledge. The investigating detective, Danny Paine, was asked whether based upon the autopsy photos and the injures depicted if he felt that this was a case of self-defense. Appellant objected that there was no expertise produced to base such an opinion.

Appellant asserts that this could not be a lay opinion since the witness is relying upon some expertise based upon viewing an autopsy photograph. The trial court should have required the witness to prove he had such expertise that he could give an ultimate opinion in self-defense based upon such knowledge, if any.

In *Russeau v. State,* 171 S.W.3d 871, 881 (Tex. Crim. App. 2005) cert denied 548 U.S. 926 2006, the Texas Court of Criminal Appeals said:

'Tex. Rule of Evid. 702 provides: "If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a

11

witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise."

Under Tex. Rule of Evid.702, it is the trial court's responsibility to determine whether proffered scientific evidence is sufficiently reliable and relevant to assist the jury. *Jackson v. State,* 17 S.W.3d 664, 670 (Tex.Crim.App.2000). A trial court's ruling on the admissibility of scientific expert testimony is reviewed under an abuse of discretion standard. *Weatherred v. State,* 15 S.W.3d 540, 542 (Tex.Crim.App.2000).

The proponent of scientific evidence must demonstrate to the trial court, by clear and convincing evidence, that the scientific evidence is reliable. *Id.* The proponent of "hard" scientific evidence must satisfy three criteria to demonstrate reliability:

(1) the underlying scientific theory is valid;

(2) the technique applying the theory is valid; and,

(3) the technique was properly applied on the occasion in question. *Kelly vs. State,* 824 S.W.2d 568,573.

12

Other non-exclusive factors that could affect a trial court's determination of reliability include:

(1) the extent to which the underlying scientific theory and technique are accepted as valid by the relevant scientific community, if such a community can be ascertained;

(2) the qualifications of the expert testifying;

(3) the existence of literature supporting or rejecting the underlying scientific theory and technique;

(4) the potential rate of error of the technique;

(5) the availability of other experts to test and evaluate the technique;

(6) the clarity with which the underlying scientific theory and technique can be explained to the court; and

(7) the experience and skill of the person who applied the technique on the occasion in question. *Russeau*, 881.

Here, there was no proof that the detective had any expertise to determine if a case was one of self-defense based upon his observations of an autopsy photograph. There was no qualifying the detective to see if he had expertise in determining self-defense by looking at autopsy photos. There was no proof that there was any body of science, rate of error nor any other criteria for qualifying an

expert. This was pure speculation on the detective's part and the testimony should have been excluded by the trial court. The Court of Appeals should have ruled that the trial court abused its discretion by overruling Appellant's trial objection and admitting this testimony.

## CONCLUSION AND PRAYER

WHEREFORE, Appellant respectfully prays that this Court reverse the decision of the Court of Appeals and the Trial Court and remand this cause to the court of Appeals and to order the trial court to conduct a new trial.

Respectfully Submitted,

RICHARD A. HENDERSON, P.C.
Two City Place
100 Throckmorton Street, Suite 540
Fort Worth, Texas 76102
(Telephone) 817-332-9602
(Telecopier) 817-335-3940
E-mail: *richard@rahenderson.com*

By: _____
Richard A. Henderson
State Bar No. 09427100

**ATTORNEY FOR APPELLANT**

14

## CERTIFICATE OF COMPLIANCE

This document complies with the typeface requirements of TEX.R.APP. P. 9.4(e) because it has been prepared in a conventional typeface no smaller than 14-point for text and 12-point for footnotes. This document also complies with the word-count limitations of TEX.R.APP. P. 9.4(i) because it contains 3,343 words, excluding any parts exempted by TEX.R.APP.P. 9.4(i)(1), as computed by the word-count feature of Microsoft Office Word 2010, the computer software used to prepare the document.

_____
Richard A. Henderson

## CERTIFICATE OF SERVICE

A true copy of the Appellant's Petition For Discretionary Review has been electronically served on opposing counsel, Ms. Debra Windsor, Assistant Criminal District Attorney, Chief, Post-Conviction, Tarrant County District Attorney's Office, 401 W. Belknap Street, Fort Worth, Texas 76196 and mailed U.S. Regular Mail to Appellant, Mr. Alcides Larrinaga aka Alcides Larringa, TDCJ #01929143, Eastham Unit, 2665 Prison Rd #1, Lovelady, Texas 75851, on this the 25th day of September 2015.

_____
Richard A. Henderson

15

# APPENDICES

# APPENDIX "A"

# OPINION OF
# COURT OF APPEALS
# SECOND DISTRICT OF TEXAS
# Fort Worth



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

## NO. 02-14-00199-CR

ALCIDES LARRINAGA A.K.A.                                             APPELLANT
ALCIDES LARRINGA

V.

THE STATE OF TEXAS                                                   STATE

----------

## FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY
## TRIAL COURT NO. 1328386D

----------

## MEMORANDUM OPINION[1]

----------

Appellant Alcides Larrinaga a.k.a Alcides Larringa appeals his conviction for murder and his fifty-year sentence. We affirm.

## Background Facts

On the evening of May 27, 2013, Joel Gil was visiting a friend's house with his son, Germain Gil. Joel and Germain were outside talking with friends when

----

[1]See Tex. R. App. P. 47.4.

Joel and Appellant got into an argument. Appellant then left the house to walk his dog.

When Appellant returned, Joel and Germain were standing in the street looking at Germain's new car. Joel and Appellant got into another heated argument, and Joel grabbed at Appellant. Appellant shot Joel in the stomach. Joel took a few steps, and Appellant shot him again in the back. Joel fell to the ground, and Appellant shot him in the head.

A number of witnesses called 911, and medics arrived and treated Joel's injuries, but he died of his wounds on the way to the hospital. Appellant was charged by indictment for murder. The indictment also included a habitual offender notice.

At trial, the State showed Germain one of Joel's autopsy photos and asked, "Germain, when you look at this picture, is that how you want to remember your dad?" Appellant objected, and the State withdrew the question.

Appellant admitted that he had shot Joel but claimed that he had done so in self-defense. He said,

> [Joel] grabbed me and he said, give me all your money or I'm going to kill you. And hitting—hitting me. So then when he was hitting me, I pulled the gun out and I went pow pow. And then when he—when he went down, then I just—I gave him three shots. I shot him twice when he had grabbed me and one when he was on the floor.

Appellant testified that when he had been walking his dog, a stranger approached him and offered to sell him a gun. He said he did not check to see if it was loaded or if it worked, but he agreed to buy it for $100. Appellant admitted

2

he was on parole for a felony driving-while-intoxicated conviction. When asked if he knew it was a violation of his parole to possess a firearm, he said, "Yeah, but I bought it."

Because Appellant had admitted that he knew he was violating the law by possessing the gun, the trial court denied Appellant's request for an instruction in the jury charge that his belief that deadly force was immediately necessary was presumed to be reasonable. *See* Tex. Penal Code Ann. § 9.32(b)(3) (West 2011) (stating that actor is entitled to presumption of reasonableness when he "was not otherwise engaged in criminal activity"). A jury found Appellant guilty of murder. The trial court assessed punishment at fifty years' confinement and sentenced Appellant accordingly. Appellant then appealed.

## Discussion

### 1. The jury charge

In his first issue, Appellant argues that the trial court erred by denying his request for an instruction in the jury charge that Appellant's use of deadly force was justified. "[A]ll alleged jury-charge error[s] must be considered on appellate review regardless of preservation in the trial court." *Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012). In our review of a jury charge, we first determine whether error occurred; if error did not occur, our analysis ends. *Id.*

The jury charge in this case provided a self-defense instruction that stated,

> Upon the law of self-defense, you are instructed that a person is justified in using force against another when and to the degree that the actor reasonably believes the force is immediately

3

necessary to protect oneself against the other person's use or attempted use of unlawful force. The use of force is not justified in response to verbal provocation alone.

A person is justified in using deadly force against another if he would be justified in using force against another as set out above and when he reasonably believes that such force is immediately necessary to protect himself against the other person's use or attempted use of unlawful deadly force or to prevent the other's imminent commission of robbery.

Appellant also requested an instruction under section 9.32(b) that his belief was reasonable as a matter of law. *See* Tex. Penal Code Ann. § 9.32(b). That section states that an actor's belief that deadly force was immediately necessary is presumed to be reasonable if the actor:

(1) knew or had reason to believe that the person against whom the deadly force was used:

(A) unlawfully and with force entered, or was attempting to enter unlawfully and with force, the actor's occupied habitation, vehicle, or place of business or employment;

(B) unlawfully and with force removed, or was attempting to remove unlawfully and with force, the actor from the actor's habitation, vehicle, or place of business or employment; or

(C) was committing or attempting to commit an offense described by Subsection (a)(2)(B);

(2) did not provoke the person against whom the force was used; and

(3) was not otherwise engaged in criminal activity, other than a Class C misdemeanor that is a violation of a law or ordinance regulating traffic at the time the force was used.

*Id.* In denying Appellant's request for the instruction, the trial court said,

4

The Court believes that based upon the testimony of the defendant where he acknowledged on cross-examination that by purchasing the firearm before the alleged shooting and his admission that he knew that he was violating the law for unlawful possession of a firearm by a felon, that that makes this instruction not necessary because he's not entitled to it under the three presumptions as set out in the code.

Appellant argues on appeal that the illegal possession of a firearm by a felon is not the kind of unlawful activity that the legislature contemplated in enacting the statute. The plain meaning of statutory language is "the best indicator of legislative intent." *Shipp v. State*, 331 S.W.3d 433, 437 (Tex. Crim. App. 2011). The statute specifically excludes only Class C misdemeanors and traffic ordinance violations from the type of criminal activity that precludes the reasonableness presumption. Tex. Penal Code Ann. § 9.32(b)(3). "Thus, criminal activity can be broadly construed to comport with the generally understood concept that it would encompass any activity that constitutes a crime." *Barrios v. State*, 389 S.W.3d 382, 393 (Tex. App.—Texarkana 2012, pet. ref'd) (upholding trial court's finding that appellant's illegal immigrant status precluded the reasonableness presumption instruction).

Possession of a firearm by a convicted felon is a third degree felony. Tex. Penal Code Ann. § 46.04(e) (West 2011). Felonies fall within the type of criminal activity prohibited by subsection (b). *See McCurdy v. State*, No. 06-12-00206-CR, 2013 WL 5433478, at *4 (Tex. App.—Texarkana Sept. 26, 2013, pet ref'd) (mem. op., not designated for publication) (stating that appellant was engaged in criminal activity by being a felon in unlawful possession of firearms), *cert. denied*,

5

135 S. Ct. 439 (2014); *Davis v. State*, No. 05-10-00732-CR, 2011 WL 3528256, at *11 (Tex. App.—Dallas Aug. 12, 2011, pet. ref'd) (not designated for publication) (holding defendant was not entitled to presumption because he was a felon in unlawful possession of a firearm); *Hall v. State*, No. 05-09-01368-CR, 2011 WL 1348635, at *4 (Tex. App.—Dallas Apr. 11, 2011, pet. ref'd) (mem. op., not designated for publication) (same). The trial court did not err by refusing the instruction on the reasonableness presumption. We therefore overrule Appellant's first issue. *See Kirsch*, 357 S.W.3d at 649.

## 2. Prejudicial evidence

In his second issue, Appellant argues that the trial court erred by admitting into evidence an autopsy photograph. An appellate court reviews a trial court's decision to admit evidence for an abuse of discretion. *Sauceda v. State*, 129 S.W.3d 116, 120 (Tex. Crim. App. 2004). A trial court abuses its discretion in admitting evidence if that decision falls outside the wide zone of reasonable disagreement. *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh'g).

Evidence may be excluded under Texas Rule of Evidence 403 if its probative value is substantially outweighed by the danger of unfair prejudice. *See* Tex. R. Evid. 403. In a rule 403 analysis, a trial court must balance (1) the inherent probative force of the proffered item of evidence along with (2) the proponent's need for that evidence against (3) any tendency of the evidence to suggest decision on an improper basis, (4) any tendency of the evidence to

6

confuse or distract the jury from the main issues, (5) any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence, and (6) the likelihood that presentation of the evidence will consume an inordinate amount of time or merely repeat evidence already admitted. *See Gigliobianco v. State*, 210 S.W.3d 637, 641–42 (Tex. Crim. App. 2006). "Autopsy photographs are generally admissible unless they depict mutilation of the victim caused by the autopsy itself." *Williams v. State*, 301 S.W.3d 675, 690 (Tex. Crim. App. 2009), *cert. denied*, 560 U.S. 966 (2010). A photograph is also "generally admissible if verbal testimony about the matters depicted in the photograph is also admissible." *Paredes v. State*, 129 S.W.3d 530, 539 (Tex. Crim. App. 2004).

The photograph was introduced as State's Exhibit 33 while the State was questioning Germain. The following exchange took place:

[THE STATE:] Germain, I'm sorry to show you this picture, but I need you to turn over State's Exhibit 33, if you would.

The person in State's Exhibit 33, Germain, who is that?

[GERMAIN]: That's my dad.

[THE STATE]: We'll offer State's 33, Your Honor.

[APPELLANT]: Your Honor, we object that the prejudicial effect outweighs the probative value.

THE COURT: May I see it[?] That objection's overruled. State's Exhibit 33 is admitted.

[THE STATE]: Permission to publish to the jury, Your Honor?

7

THE COURT: Yes, sir.

[THE STATE]: Actually, you know what, Judge, I'm going to publish it by showing the photo.

THE COURT: That's fine.

[THE STATE:] Germain, when you look at this picture, is that how you want to remember your dad?

[APPELLANT]: I'm going to object that, Your Honor, it has no value whatsoever.

[GERMAIN:] No, sir.

[THE STATE]: I'll withdraw the question.

THE COURT: Okay.

Appellant argues that the "sole reason to introduce such a photo was not merely to prejudice the jurors but to intentionally inflame their minds in an unfair manner." *See* Tex. R. Evid. 403.

The photograph shows Joel from the shoulders up. The small bullet wound in his cheek is visible, and he has blood on his face and chest. He is in a neck brace and has a breathing apparatus over his mouth. The photograph is no more gruesome than would be expected given the nature of the injuries. Seven more autopsy photos, arguably more gruesome than State's Exhibit 33, were used by the medical examiner during his testimony regarding Joel's wounds and were admitted into evidence. Appellant objected to their admission at trial, but he does not complain about them on appeal.

It is clear from Appellant's argument on appeal that his complaint is really regarding the State's question asking Germain if the photograph is "how [he] wants to remember [his] dad." The State withdrew the question, however, and Appellant neither requested an instruction to disregard the question or the answer nor asked for a mistrial after Germain responded. *See Ladd v. State*, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999) ("The asking of an improper question will seldom call for a mistrial, because, in most cases, any harm can be cured by an instruction to disregard."); *Napier v. State*, 887 S.W.2d 265, 266–67 (Tex. App.—Beaumont 1994, no pet.) (holding error was not preserved because counsel withdrew question before trial court sustained objection). We therefore overrule Appellant's second issue.

**3. Police detective's opinion**

In his third issue, Appellant argues that the trial court erred by allowing a police detective to opine whether this was a case of self-defense. At trial, the detective was asked:

> Q. Detective, you did a narrative in this case, correct?
>
> A. Yes.
>
> Q. And I assume, do the crime scene officers do a narrative or a report?
>
> A. Yes.
>
> Q. Okay. You look over that?
>
> A. I have in the past, yes.

9

Q. Look at the crime scene photos?

A. Oh, yes.

Q. Look at the autopsy report?

A. Yes.

Q. Okay. Detective, based upon your investigation, and especially looking at the injuries from the autopsy report, do you feel that this is a case of self-defense?

A. No.

Appellant objected that the detective had not been established as an expert. The trial court overruled the objection.

A person may offer an opinion as a lay witness if it is based on the perception of that person and helpful to a clear understanding of his testimony or determination of a fact in issue. Tex. R. Evid. 701. Personal knowledge of the underlying facts satisfies rule 701's perception requirement. *Solomon v. State,* 49 S.W.3d 356, 364 (Tex. Crim. App. 2001) (quoting *Fairow v. State,* 943 S.W.2d 895, 899 (Tex. Crim. App. 1997)). "The personal experience and knowledge of a lay witness may establish that he or she is capable, without qualification as an expert, of expressing an opinion on a subject outside the realm of common knowledge." *Osbourn v. State,* 92 S.W.3d 531, 537 (Tex. Crim. App. 2002) (citing *United States v. James Earl Paiva,* 892 F.2d 148, 157 (1st Cir. 1989)). A police officer's personal knowledge may come from his past experience. *See Roberson v. State,* 100 S.W.3d 36, 39 (Tex. App.—Waco 2002, pet. ref'd) (collecting cases). Whether an opinion meets the fundamental requirements of

rule 701 is within the sound discretion of the trial court. *Fairow*, 943 S.W.2d at 901.

The detective testified that he had been with the Fort Worth Police Department for nineteen years and that he had been in the homicide unit since 2011. He had been lead detective on twenty homicide cases and had assisted on an additional twenty or thirty cases. This past experience and his personal investigation of the case meet the perception requirement of rule 701. *See Roberson*, 100 S.W.3d at 39. The detective's testimony was helpful in determining whether Appellant shot Joel in self-defense, thus satisfying the second prong of rule 701. The trial court therefore did not abuse its discretion by admitting the testimony. *See James v. State*, 335 S.W.3d 719, 726 (Tex. App.—Fort Worth 2011, no pet.) (holding that trial court did not abuse its discretion by permitting police officer to testify whether appellant's assertion of self-defense made sense in light of what the officer perceived in her investigation).

Even if the detective's testimony was admitted in error, the error was harmless. *See Barshaw v. State*, 342 S.W.3d 91, 93 (Tex. Crim. App. 2011) (stating that the appellate court will not overturn a criminal conviction for non-constitutional error if, after examining the record as a whole, we have fair assurance that the error did not influence the jury or had but a slight effect). Considering the testimony from the other witnesses regarding the disputes between Joel and Appellant that day, the detective's testimony did not have a substantial or injurious effect on the jury's verdict and did not affect Appellant's

11

substantial rights. *See Petriciolet v. State*, 442 S.W.3d 643, 653–54 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd) (holding that erroneous admission of testimony was harmless when ample evidence supported the jury's punishment assessment); *Derichsweiler v. State*, 359 S.W.3d 342, 347 (Tex. App.—Fort Worth 2012, pet. ref'd) (holding that admission of toxicology report over hearsay objection was harmless "in the context of the entire case against Derichsweiler"). We overrule Appellant's third issue.

## Conclusion

Having overruled Appellant's three issues, we affirm the trial court's judgment.

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL: WALKER, GABRIEL, and SUDDERTH, JJ.

SUDDERTH, J. filed a concurring opinion

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: August 6, 2015

12



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00199-CR

| | | |
|---|---|---|
| Alcides Larrinaga a.k.a. Alcides Larringa | § | From the 396th District Court |
| | § | of Tarrant County (1328386D) |
| | § | August 6, 2015 |
| v. | § | Opinion by Justice Gabriel |
| | § | Concurrence by Justice Sudderth |
| The State of Texas | § | (nfp) |

## JUDGMENT

This court has considered the record on appeal in this case and holds that there was no error in the trial court's judgment. It is ordered that the judgment of the trial court is affirmed.

SECOND DISTRICT COURT OF APPEALS

By /s/ Lee Gabriel
‎ ‎ ‎ ‎ Justice Lee Gabriel



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00199-CR

ALCIDES LARRINAGA A.K.A.                                          APPELLANT
ALCIDES LARRINGA

V.

THE STATE OF TEXAS                                                     STATE

----------

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 1328386D

----------

### CONCURRING MEMORANDUM OPINION[1]

----------

Appellant argues that the trial court erred by allowing a police detective to opine whether this was a case of self-defense over his objection that the detective had not been established as an expert. The majority concludes that the testimony was admissible under rule of evidence 701 and that, regardless of its admissibility, the testimony was harmless in light of the testimony from the other witnesses about Appellant and Joel's disputes. While I agree that the testimony

----

[1]See Tex. R. App. P. 47.4.

was ultimately harmless, I disagree with the majority's application of rule 701 because, although rule 701 provides a relaxed standard for the admissibility of opinion testimony, it does not permit admission of an expert opinion in lay opinion's clothing.

To meet the lay opinion admissibility standard, the witness must have personal knowledge of the facts underlying the opinion, and the opinion must be rationally based on the witness's perception of those facts. *See Solomon v. State*, 49 S.W.3d 356, 360–61, 364 (Tex. Crim. App. 2001) (holding that accomplice was qualified to opine that defendant, who had goaded and encouraged others to rob and kill stranded motorist, was the person among the group "responsible" for the robbery); *Thomas v. State*, 916 S.W.2d 578, 580–81 (Tex. App.—San Antonio 1996, no pet.) (holding that police officer was permitted to provide lay-witness testimony as to how "crack" houses are usually run); *Reece v. State*, 878 S.W.2d 320, 325 (Tex. App.—Houston [1st Dist.] 1994, no pet.) (holding that police officer's testimony that defendant's actions were consistent with someone selling cocaine was admissible under rule 701); *Williams v. State*, 826 S.W.2d 783, 785 (Tex. App.—Houston [14th Dist.] 1992, pet. ref'd) (stating that police officer was permitted to testify as a lay witness that he had interpreted the defendant's actions to be a drug transaction); *Austin v. State,* 794 S.W.2d 408, 409–11 (Tex. App.—Austin 1990, pet. ref'd) (holding that police officer could provide his opinion that "Swedish deep muscle rub" was a code for prostitution).

2

Here, however, the detective was asked to look at the injuries from an autopsy report and to opine as to whether "this [was] a case of self-defense." The record does not demonstrate that he had personal knowledge of the underlying facts. Further, while he had experience in investigating homicide cases, there was no evidence in the record to indicate that he had experience in interpreting autopsy results such that he would be qualified to testify as to whether the autopsy results indicated that the appellant in this case had shot a man in self-defense.[2] Therefore, I would hold that the trial court abused its discretion by admitting the testimony over objection. I nonetheless concur that, considering the evidence in the record as a whole, the error was harmless.

/s/ Bonnie Sudderth

BONNIE SUDDERTH
JUSTICE

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: August 6, 2015

---

[2]Our opinion in *James v. State* may appear to hold to the contrary, but in *James*, the officer was permitted to opine that a claim of self-defense made no sense in the context of personal observation of the physical condition of the defendant and the complainant the second time the officer responded to the scene of one of their domestic disturbances. 335 S.W.3d 719, 725–26 (Tex. App.—Fort Worth 2011, no pet.) (noting that the officer testified that the claim of self-defense was not consistent with the fact that the boyfriend had no new injuries on him while the girlfriend had a black eye, a cut nose, blood all over her face, bruises on her legs; the officer added that "he did a heck of a job defending himself, if that was the case").

3

# APPENDIX "B"

# MOTION FOR REHEARING

# IN THE COURT OF APPEALS
# FOR THE SECOND DISTRICT OF TEXAS
# FORT WORTH, TEXAS

## NO. 02-14-00199-CR

| | | |
|---|---|---|
| ALCIDES LARRINAGA A.K.A. ALCIDES LARRINGA, APPELLANT | ][ ][ ][ ][ ][ | From the 396TH District Court of Tarrant County |
| vs. | ][ ][ ][ | Trial Court Case No.1328386D |
| THE STATE OF TEXAS, APPELLEE | ][ ][ | |

## APPELLANT'S MOTION FOR REHEARING

TO THE HONORABLE COURT OF APPEALS:

COMES NOW, Alcides Larrinaga a.k.a. Alcides Larringa, Appellant in the above-styled and numbered appeal, and, pursuant to Rule 49.5(c) of the Texas Rules of Appellate Procedure, hereby files this Motion for Rehearing, and asks the Court to reconsider and withdraw its opinion of August 6, 2015 and shows as follows:

1. Appellant respectfully requests the court to reconsider its opinion ruling against Appellant and withdraw its opinion and issue a new opinion granting him relief.

WHEREFORE, PREMISES CONSIDERED, Appellant respectfully requests the court to reconsider its opinion of   and prays the court to withdraw its opinion and submit a new opinion in favor of Appellant.

Respectfully submitted,

RICHARD A. HENDERSON P.C.
100 Throckmorton Street, Suite 540
Fort Worth, Texas 76102
Telephone: 817-332-9602
Facsimile: 817-335-3940
richard@rahenderson.com

_____
Richard A. Henderson
State Bar No. 09427100

ATTORNEY FOR APPELLANT

## CERTIFICATE OF SERVICE

A true copy of the Appellant's Motion for Rehearing has been electronically served on opposing counsel, Ms. Debra A. Windsor, Assistant Criminal District Attorney, Post-Conviction,  Tarrant County District Attorney's Office, 401 W. Belknap Street, Fort Worth, Texas 76196, via the State's e-mail address, coappellatealerts@tarrantcounty.com and mailed, U.S. Regular Mail to Appellant,  Alcides Larrinaga a.k.a. Alcides Larringa, TDCJ #01929143, Eastham Unit, 2665 Prison Rd #1, Lovelady, Texas  75851 on this 21st day of August 2015.

_____
Richard A. Henderson

# APPENDIX "C"
# ORDER ON MOTION FOR REHEARING



# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-14-00199-CR

ALCIDES LARRINAGA A.K.A.          APPELLANT
ALCIDES LARRINGA

V.

THE STATE OF TEXAS          STATE

------------

### FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY
### TRIAL COURT NO. 1328386D

------------

## ORDER

------------

We have considered "Appellant's Motion for Rehearing."

It is the opinion of the court that the motion for rehearing should be and is hereby denied and that the opinion and judgment of August 6, 2015, stand unchanged.

The clerk of this court is directed to transmit a copy of this order to the attorneys of record.

FILE COPY

SIGNED August 27, 2015.

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL: WALKER, GABRIEL, and SUDDERTH, JJ.

2